In an action to recover damages for personal injuries, it appears that the plaintiff was injured while he stood in a space between the side of a moving truck and a wall of the ferry terminal. The plaintiff recovered judgment against all three defendants. On appeal by Henry K. Norton, as Trustee, etc., the judgment as to him is reversed on the law and the facts, with costs, and the complaint dismissed on the law as to said defendant, with costs. Adel and Wenzel, JJ., concur on the ground that the evidence fails to establish negligence causally connected with the injury. Sneed, J., concurs, being of the further opinion that the uncontroverted proof establishes plaintiff’s contributory negligence as a matter of law. (Knapp v. Barrett, 216 N. Y. 226, 230.) Nolan, P. J., concurs for reversal but dissents from dismissal of the complaint and votes for a new trial. Carswell, J., dissents and votes to affirm. On appeal by the Erie Railroad Company, the judgment as to it is reversed on the law and the facts, with costs, and the complaint dismissed on the law as to said defendant, with costs. Nolan, P. J., and Carswell, J., concur on the ground that the evidence adduced was insufficient, as a matter of law, to establish negligence on the part of the defendant. Adel and Wenzel, JJ., concur on the ground that the evidence fails to establish negligence causally connected with the injury. Sneed, J., concurs, being of the further opinion that the uncontroverted proof establishes plaintiff’s contributory negligence as a matter of law. (Knapp v. Barrett, 216 N. Y. 226, 230.) On appeal by defendant The Motor Haulage Company, Inc., the judgment is affirmed, with costs. No opinion. Carswell, Adel and Wenzel, JJ., concur. Nolan, P. J., dissents from affirmance of the judgment and votes to reverse and to grant a new trial, being of opinion *1135 that the finding of fact implicit in the verdict, that the plaintiff was free from contributory negligence, is contrary to the weight of the credible evidence. Sneed, J., dissents, with the following memorandum: I dissent and vote to reverse the judgment against this defendant and to dismiss the complaint as to it and the other two defendants on the ground that the uncontroverted proof establishes plaintiff’s contributory negligence as a matter of law. {Knapp v. Barrett, 216 N. Y. 226, 230.) The undisputed proof is that plaintiff, long-familiar with the existing conditions, instead of leaving the ferryboat and crossing the dock by the safe pedestrian passageway available to him for that purpose, for his own convenience left the boat and traversed the dock upon and through the vehicle driveway with his back turned to the vehicles, unloading from the boat, which he knew would use that driveway, without looking to see if there were any approaching vehicles in that driveway.